## Bollinger, Admrx., Appellant, *v.* West Penn Power Company.

Argued October 9, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Hymen Schlesinger,* for appellant.

*William A. Challener, Jr.,* with him *Challener & Challener,* for appellee.

OPINION PER CURIAM, November 13, 1950:

This action in trespass was brought in the Court of Common Pleas of Allegheny County by Katherine Bollinger as administratrix of the estate of her deceased husband Ellsworth Bollinger (hereinafter referred to as Bollinger). The decedent was killed on September 16, 1946, when he came in contact with some uninsulated wires maintained by defendant, the West Penn Power Company, over a tract of uncultivated land known as Snyder property, near Route 22 in Westmoreland County, Pennsylvania. At the time the accident occurred, Bollinger and one Kifer were attempting to move under those wires a large diesel-powered shovel, owned or leased by their employer, the Acco Coal Company. Kifer, who was in charge of the operation of the shovel, had lowered its boom as far as he could, but was still unable to drive the shovel under the lowest wires, which were telephone wires, 16 feet above the ground, without having the boom touch them. Bollinger, thereupon, climbed to the top of the boom with the intention of lifting the telephone wires over it and his head while the shovel passed underneath but, to do this, he had to so position himself at the top of the boom that the upper

part of his body was between these telephone wires and the next higher set of wires carrying a charge of some 4600 volts. Plaintiff's witnesses testified that immediately after Bollinger took this position, he seized the telephone wires, received a shock, hesitated momentarily, then reared back against the next higher set of wires and finally slumped forward over the boom. His body was removed and his death was diagnosed as being due to a shock occasioned by the passage of an electrical current through his body. The jury returned a verdict for defendant and, following a dismissal of plaintiff's motion for a new trial, she appealed from the judgment entered thereon.

Plaintiff has set forth several assignments of error in the learned trial judge's charge to the jury which she insists were prejudicial to her case. We have carefully considered these allegations and conclude they are without merit. When the charge is read as a whole, as it must be, we find it fully presents the issues of fact to the jury and correctly and adequately states the law applicable thereto: *Robinson v. P.T.C.*, 347 Pa. 288, 32 A. 2d 26; *Masinko v. McLeary*, 337 Pa. 355, 11 A. 2d 648. The court below, therefore, properly refused plaintiff's motions for a new trial.

Judgment affirmed.