Connelly *v.* Smith, Appellant.

Argued November 22, 1955.  Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*J. Webster Jones,* for appellant.

*Benjamin Bernstein,* with him *Bernstein & Bernstein,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, February 6, 1956:

In this action of trespass involving a right angle collision of automobiles at the intersection of Wallace and 44th Streets in the city of Philadelphia, the defendant appeals from the refusal of his motion for judgment notwithstanding the jury's verdict.  His sole contention is that plaintiff was guilty of contributory negligence as a matter of law.

Wallace Street, 26 feet wide between curbs, with 12 foot sidewalks, is a two-way street running east and west; and 44th Street, 34 feet wide between curbs, with 13 foot sidewalks, is a two-way street running north

and south. The two streets intersect at right angles, and neither of them has traffic signs or signals.

On March 7, 1954, a clear, dry day, plaintiff was operating his automobile southerly on 44th Street; and defendant was driving his automobile westerly on Wallace Street. Plaintiff had been travelling at approximately 25 miles per hour, but as he approached Wallace Street he decreased his speed to 8 to 10 miles per hour. When the front of his automobile reached a point 10 feet from the nearest, or north, curb line of Wallace Street, he looked to the left, or east, and saw defendant some 100 feet away, approaching on the right side of Wallace Street at a speed of approximately 25 miles per hour. He continued across Wallace Street on his right side, and as he did so he looked to his right, or west, to observe traffic coming from that direction. He was then at the middle of Wallace Street, and again looked to his left, and saw defendant entering the intersection on the left side of Wallace Street at an increased speed of 40 miles per hour. Although he tried to avoid collision, his automobile was struck by defendant when plaintiff's car had reached a point some three-fourths of the distance across Wallace Street. These facts, in one particular or another, are substantiated not only by plaintiff's testimony but also that of his passenger, as well as by two policemen who had been driving behind him.

Finding the facts and inferences therefrom in an aspect most favorable to the verdict, as we must, we cannot but hold that the question of plaintiff's contributory negligence was solely for the jury, and he could not be declared guilty thereof as a matter of law.

By taking apparently conflicting portions of plaintiff's testimony, and by making some mathematical calculations not borne out by admitted facts, defendant

attempts to change the foregoing facts and thus to convict plaintiff of contributory negligence. This he cannot do.

Defendant contends that plaintiff was not sufficiently vigilant, that he failed to "continually" look to his left, and if he had he would have avoided the collision. But he did all that could be required of him. The law requires the driver of a vehicle approaching a two-way street to look first to his left and then to his right. " 'That is because he first enters the lane in which traffic coming from his *left* is travelling. If he sees nothing approaching that would be likely to prove a source of danger to him, he may proceed, but as he *nears the middle of the street*, it is his duty to look to his right again before entering into the traffic lane coming from that direction' ": *Grande v. Wooleyhan Transport Co.*, 353 Pa. 535, 538, 46 A. 2d 241. Plaintiff did all of these things. He satisfied the requirement that he exercises a high degree of care at intersections and to be continually observant. He could not be expected under the circumstances to engage in a "stopping" procedure in crossing the intersection, nor could he be required to have anticipated the negligent actions of defendant. The jury was well warranted in finding that he did all that the law demands of him. As he crossed, he looked left twice and right once by the time he reached the middle of the street. How much else he should have done in such a short distance is not for us to declare. Having approached the intersection from defendant's right, and having entered it first, he had the right to assume that defendant would comply with the duty of care owed him.

The cases relied upon by defendant are not controlling, each being dependent for its result on its own particular state of facts. Under the facts, the ques-

tions of defendant's negligence and that of plaintiff were for the jury, and the court below was not in error in refusing the judgment n.o.v.

Judgment affirmed.