Podjed *v.* Wolfe, Appellant.

Argued March 20, 1957. Before Rhodes, P.J., Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ.

*Christian R. Gingrich,* for appellant.

*G. Thomas Gates,* with him *Egli & Gates,* for appellee.

OPINION BY WRIGHT, J., June 11, 1957:

Jacob R. Podjed filed a complaint in trespass against Roy E. Wolfe to recover property damage resulting from the collision of their respective motor vehicles, which occurred at 6:30 a.m. on July 13, 1955. The case was first heard by a board of arbitrators who found for the plaintiff. From this award the defendant appealed to the Court of Common Pleas. The ensuing jury trial resulted in a verdict for the plaintiff. The court below overruled defendant's motion for judgment n.o.v., and judgment was entered on the verdict. This appeal by defendant followed.

Viewed in the light most favorable to appellee, *Katz v. Montague,* 181 Pa. Superior Ct. 476, 124 A. 2d 506, the evidence shows that the collision occurred at the right-angle intersection of two rural highways each 15 feet wide, one running north and south, the other east and west. There were no stop signs or other traffic controls. The weather was clear and the roadway was dry. Appellee was proceeding in a southerly direction. As he approached the intersection, and when about 90 feet from it, he looked to his left and right, but saw nothing. At that point he had a view to his left for a distance of 130 feet. He proceeded toward the intersection at about 35 miles per hour, and again looked to his left as he was "just coming into the intersection". He then saw appellant's automobile approaching from his left about two car lengths away. He applied his brakes and swerved to the right, but his car was struck on the left side near the rear end. It came to rest on the southwest side "right at the end of the intersection". After the collision appellant stated to appellee that "he was in the wrong, he was goofing off; that he would get my car fixed for me".

Appellant does not assert that he was free from negligence. His sole contention on this appeal is that ap-

pellee was guilty of contributory negligence as a matter of law.

The Vehicle Code of May 1, 1929, P. L. 905, Section 1013(a), as amended, 75 P.S. 572(a), provides that "When two vehicles . . . approach or enter . . . an intersection at approximately the same time, the driver . . . on the left, shall yield the right-of-way . . ." See *Stewart v. Supplee-Wills-Jones Milk Co.*, 180 Pa. Superior Ct. 583, 119 A. 2d 548. Appellee had the right to assume that appellant "would comply with the duty of care owed him": *Connelly v. Smith*, 384 Pa. 205, 120 A. 2d 165. Contributory negligence will not be declared as a matter of law unless it is so clearly revealed that there is no room for fair and reasonable disagreement as to its existence: *McCune v. Ellenberger*, 182 Pa. Superior Ct. 442, 127 A. 2d 791. In the graphic language of Mr. Justice MUSMANNO: "Of course, we can only exercise the drastic power of taking away from a successful plaintiff a verdict awarded him by a jury when the facts etch a picture of such incontrovertible self-abandonment to negligence that 'fair and reasonable persons cannot disagree as to its existence' ": *Nugent v. Joerger*, 387 Pa. 330, 127 A. 2d 697. We are all of the opinion that the evidence in the instant case does not etch such a picture.

Appellant cites cases[1] presenting factual situations which are distinguishable from that in the case at bar. The board of arbitrators, consisting of three attorneys, originally determined that appellee was not guilty of

[1] *Perpetua v. Philadelphia Transportation Co.*, 380 Pa. 561, 112 A. 2d 337; *Levine v. Pittsburgh Wheeling Truck Service*, 169 Pa. Superior Ct. 281, 82 A. 2d 77; *McMillan v. Mor Heat Oil & Equipment Co.*, 174 Pa. Superior Ct. 308, 101 A. 2d 413; *Good v. Pittsburgh*, 382 Pa. 255, 114 A. 2d 101; *Grande v. Wooleyhan Transport Co.*, 353 Pa. 535, 46 A. 2d 241; *Sargeant v. Ayers*, 358 Pa. 393, 57 A. 2d 881.

contributory negligence. Following a fair and impartial charge by the trial judge, concerning which no complaint is made, twelve jurors came to the same conclusion. We agree with the court below that their verdict should not be disturbed.

Judgment affirmed.