## Lutz et ux. *v.* Force, Appellant.

Argued March 3, 1958. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*Thomas J. Evans,* for appellant.

*Nickolas B. Piazza,* for appellee.

OPINION BY WRIGHT, J., March 18, 1958:

Russell Lutz and his wife, Charlotte, instituted an action in trespass to recover damages resulting from an intersection collision between a Pontiac automobile,

owned by Russell and operated by Charlotte, and a Dodge automobile owned and operated by Harry Force. Harry filed a counterclaim against Charlotte. Russell's claim was for damage to his car and loss of use thereof, and for his wife's medical expenses and loss of her society. Charlotte's claim was for pain and suffering, loss of wages, and permanent injury. Harry's counterclaim was for car damage, pain and suffering, and medical expense for himself and his wife, a guest passenger in the Dodge. The trial judge directed the jury to return three verdicts. As to the claims of Russell and Charlotte, the jury returned verdicts in favor of Harry. As to Harry's counterclaim, the jury returned "a verdict in favor of Harry Force, no amount". The court below granted Russell's motion for a new trial "with the right of the said Harry Force, defendant, to assert his counterclaim against Charlotte Lutz at the same trial". Harry has appealed.

The collision occurred on March 15, 1956, in the Borough of Berwick. Charlotte Lutz, sole occupant of the Pontiac, was driving north on Chestnut Street. Harry Force was driving west on Martz Street, traffic on which was controlled by a stop sign at the intersection in question. The Lutz theory was that Charlotte was free from negligence, and that Harry was negligent in not stopping at the sign. The theory of Harry Force was that he had stopped at the sign, and that the collision was solely due to Charlotte's negligence. The only witnesses supporting the Force theory were Harry and his wife. In addition to Charlotte, three disinterested witnesses supported the Lutz theory. Mrs. Lorraine McAfee, who saw the collision, testified that Harry came "right on through" the stop sign. J. L. Adams, who arrived at the scene immediately after the collision, testified that Harry said: "I didn't see her coming". Nathaniel Sitler, who also ar-

rived at the scene immediately after the collision, testified that he said to Harry: "Didn't you see that stop sign there", and that Harry answered: "I didn't see it".

The jury was properly instructed that any negligence on Charlotte's part was not imputable to Russell. See *Toenges v. Schleihauf*, 368 Pa. 247, 82 A. 2d 15. It is clear from the opinion of the lower court that the order was based on the ground that, while the evidence justified a finding that Charlotte was negligent, a finding that Harry was not negligent was contrary to the evidence and entirely unjustified. Judge KREISHER took the position that the jurors "concluded the defendant [Harry Force] was driving in a negligent manner since they denied him recovery of any amount on his counterclaim". He further stated that "as an abstract proposition"the verdicts were inconsistent.

Appellant first contends that the verdicts were not inconsistent. He next contends that, in granting a new trial, the lower court improperly interfered with the function of the jury. He further contends that the jury was justified in rejecting Russell's claim because he made an excessive and fraudulent demand for car rental. Appellant's final contention is that he cannot assert his counterclaim against Charlotte at the retrial because she will not be "a party to the suit".

We deem it unnecessary to consider the question of inconsistency, as it clearly appears that the court below was warranted in granting a new trial to Russell on the ground that the verdict as to his claim for property damage was against the weight of the evidence. In the absence of an abuse of discretion, an order granting a new trial on the ground that the verdict was against the weight of the evidence will not be disturbed on appeal: *Sames v. Wehr*, 373 Pa. 282, 95 A.

2d 654; *Davis v. Rider,* 387 Pa. 14, 127 A. 2d 108; *Clewell v. Pummer,* 388 Pa. 592, 131 A. 2d 375; *Kiser v. Schlosser,* 389 Pa. 131, 132 A. 2d 344; *Hartigan v. Clark,* 389 Pa. 283, 133 A. 2d 181.

It is readily apparent, however, that the order of the lower court cannot stand without qualification. Certainly we cannot permit Harry to assert his counterclaim against Charlotte without also permitting Charlotte to assert her claim against Harry. And since the claim of a husband for personal injuries sustained by the wife is derivative, *Elser v. Union Paving Co.,* 167 Pa. Superior Ct. 62, 74 A. 2d 529, the grant of a new trial to Russell as to his claim for his wife's injuries would require the grant of a new trial as to Charlotte's claim: *Taylor v. Rounds,* 349 Pa. 157, 36 A. 2d 817. One alternative is to enlarge the order so as to encompass a retrial of the entire action. See *Fisher v. Dye,* 386 Pa. 141, 125 A. 2d 472. The other alternative is to modify the order so as to eliminate both Harry's counterclaim against Charlotte, and Russell's claim for his wife's injuries. Unquestionably we have the right to grant a new trial for a limited purpose. See *Maloney v. Rodgers,* 184 Pa. Superior Ct. 342, 135 A. 2d 88. Perhaps we should adopt the first alternative. However, the second alternative impresses us as a more equitable solution. It should be here noted that neither Charlotte nor Harry requested a new trial.

Our conclusion is that, while the court below was justified in not disturbing the verdict as to Charlotte's claim against Harry, it was improper, without granting an entire new trial, to permit Harry to assert his counterclaim against Charlotte, and to permit Russell to assert his claim against Harry for Charlotte's injuries. The new trial will therefore be limited solely to Russell's claim against Harry for property damage.

The order of the court below is modified in accordance with the foregoing opinion.  As so modified, the order is affirmed.