Cason *v.* Smith, Appellant.

Argued September 11, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*J. Webster Jones,* for appellant.

*Arnold M. Kessler,* with him *Bernstein & Bernstein,* for appellees.

OPINION BY RHODES, P. J., December 11, 1958:

Defendant in this trespass action appealed from the refusal of his motion for judgment n.o.v. and from the grant of a new trial as to the minor plaintiff limited to the amount of damages for pain, suffering, and disability.

Leroy Cason, three and a half years of age, was injured on April 19, 1952, when he was struck by the automobile owned and operated by defendant. He suffered a fracture of the right leg and other injuries. The action was instituted against defendant by the minor, by and through his mother and natural guardian, to recover for personal injuries, and by the mother, in her own right as parent, to recover for medical expenditures and for the loss of earnings and services of her son. The jury returned a verdict for the mother for $843.55, representing full reimbursement for medical expenses incurred on behalf of the minor, and a verdict for the minor plaintiff in the sum of $200 for pain, suffering and disability. Defendant filed a motion for judgment n.o.v.; plaintiffs moved for a new trial on the ground that the verdict was inadequate. The court below refused the motion for judgment n.o.v. and granted a new trial "limited to the issue of damages for pain and suffering to the minor plaintiff . . ."

The evidence and inferences therefrom viewed in a light most favorable to the plaintiffs indicate the following facts which are to be considered on defendant's

motion for judgment n.o.v. Leroy Cason together with his mother, Annie Ruth Cason, and a two-year-old cousin were passengers in an automobile which took them to the vicinity of the home of Mrs. Cason's grandmother, located at 3823 Aspen Street, Philadelphia. Aspen Street is a two-way street running east and west; it is paved with asphalt. The Cason car was stopped and parked on the south side of Aspen Street to discharge its passengers. The home of Mrs. Cason's grandmother is located on the north side of Aspen Street. Mrs. Cason alighted from the parked car and carried Leroy in her arms across the street; she left him in the doorway on the porch of her grandmother's home and told him to remain there. She then returned to the car on the south side of Aspen Street for the other child. As she walked toward the south side of Aspen Street she looked to her left, i.e., eastwardly, and saw an automobile at the intersection of Aspen Street and Thirty-eighth Street, approximately 186 feet away. When she was about to step on the curb she heard a scream and a screech of brakes. She turned and observed Leroy lying under defendant's car with his heels protruding from beneath the left side of the car which was pointed in a westerly direction. Leroy's head was between the right and left front wheels.

There was an eyewitness to the accident, Mrs. Maggie Grant, who lived at No. 3822 on the south side of Aspen Street across from the home of Mrs. Cason's grandmother. Mrs. Grant was seated at her second floor window when she saw Mrs. Cason place Leroy in the doorway at No. 3823 Aspen Street, and also saw Mrs. Cason returning to the south side of the street when Leroy started to follow her. When Leroy had walked to a point near the center of the street, Mrs. Grant heard the racing of defendant's motor and

saw his car coming westwardly on Aspen Street. At this time defendant's car was at a point near a fire plug more than 57 feet from the place where Leroy was walking. Defendant continued westwardly and struck Leroy.

Defendant testified that he had turned onto Aspen Street from Thirty-eighth Street; that he had proceeded about halfway up the block when he heard a bump; that he stopped, got out and saw Leroy beneath the left-hand side of the car behind the front wheel. He admitted that his view of the street was unobstructed, and stated that he had been traveling about 10 or 15 miles an hour.

The evidence clearly sustains the finding of defendant's negligence. Defendant had an unobstructed view of the center of the street where the minor plaintiff, Leroy, was walking. The child was in the street and visible to defendant while defendant was 57 feet away. In fact, since the minor was walking across the street and had reached the center by the time defendant was 57 feet away, it would also appear that the child had been visible to defendant for a distance much greater than 57 feet. If, as defendant testified, he was traveling only 10 to 15 miles per hour, he had ample time to stop had he been properly observing conditions ahead. Where, as here, a collision between a vehicle and a pedestrian occurs between crossings, the driver of the vehicle is liable if it appears that the pedestrian was " 'on the cartway a sufficient length of time to be seen, the driver of the car being far enough away to bring his machine under control.' " *McAvoy v. Kromer*, 277 Pa. 196, 199, 120 A. 762, 763. See *Purdy v. Hazeltine*, 321 Pa. 459, 462, 184 A. 660. The evidence sufficiently indicates that defendant was inattentive to his duties; he obviously failed to observe what was before him as he proceeded down the street. The running down of a child on an unobstructed roadway in

broad daylight is evidence of negligence where, as here, there is no evidence whatever that the child darted out in front of the moving vehicle. *Fedorovich v. Glenn*, 337 Pa. 60, 63, 9 A. 2d 358.

Defendant's argument that the testimony of Mrs. Grant was contradicted by her own prior signed statement is of no moment to the present inquiry. The fact that Mrs. Grant may have given a prior signed statement to defendant's investigator which varied from her testimony was a matter solely affecting her credibility. Mrs. Grant explained that the prior signed statement was written and obtained by defendant's investigator at whose insistence she signed the statement despite protestations that it was untrue. She explained further that not only was the statement written by the investigator but he used his own language and phraseology, such as the term "darted out." The investigator was present in the courtroom but was not called to testify by defendant.

Defendant further argues that the fact that the child's right femur was fractured is indicative of the fact that the child was struck on his right side as he darted from the south side of Aspen Street to the north side and not as he walked from the north side of Aspen Street to the south, as testified to by the witnesses; this argument is without merit. The fact that the right femur was fractured does not conclusively indicate that the child was struck on his right side. From the description of the accident it is just as probable that the child was thrown to the ground and run over on his right side; he was found under the car after it stopped with only his feet projecting from behind the left front wheel.[1] Defendant's motion for judgment n.o.v. was properly refused by the court below.

---

[1] Defendant testified: ". . . this little boy was underneath the left hand side, right behind the front wheel." At another point

Defendant next objects to the grant of a new trial limited to the issue of damages for pain, suffering, and disability of the minor plaintiff. The verdict of the jury on the claim of Mrs. Cason in her own right as parent awarded the full amount of the medical expenditures incurred on behalf of the minor plaintiff. The award of $200 to the minor plaintiff in his action for his personal injuries, pain, suffering, and disability was obviously an inadequate verdict; defendant acknowledges that in view of the nature of the injuries the amount was insufficient. Defendant contends, however, that the verdict was a compromise verdict, and that it was thus improper for the court to eliminate the issue of negligence in the grant of a new trial.

Ordinarily the grant of a new trial means a new trial generally; it restores the case to the status it had before any trial took place, and it is fully open to be tried de novo as to all the parties and all the issues. *Pennsylvania Co. for Insurances on Lives and Granting Annuities v. Lynch,* 308 Pa. 23, 28, 162 A. 157; *Iwankow v. Colonial Life Insurance Company of America,* 120 Pa. Superior Ct. 114, 120, 181 A. 870. On the other hand, under the decisions in this Commonwealth, where the circumstances warrant, a new trial may be partial, that is, as to less than all of the parties (*Frank v. W. S. Losier & Co., Inc.,* 361 Pa. 272, 277, 64 A. 2d 829; *Ratcliff v. Myers,* 382 Pa. 196, 202, 113 A. 2d 558; *Maloney v. Rodgers,* 184 Pa. Superior Ct. 342, 350, 135 A. 2d 88), or limited, that is, as to less than all of the issues. A retrial of the issue of damages without a retrial of the issue of liability is permissible. *Baraonfski v. Malone,* 371 Pa. 479, 483, 91 A. 2d 908.; *Van Buren v. Eberhard,* 377 Pa. 22, 34, 104 A. 2d 98; *Hanus*

---

defendant stated: ". . . when I got out on my side I saw the little boy's feet sticking out from the left hand front wheel, and I pulled him out from underneath the car."

*v. K. M. B. Construction Company, Inc.,* 392 Pa. 307, 140 A. 2d 454.[2]

Obviously the court below had the authority to grant a partial and limited new trial because of the inadequacy of the verdict. See 39 Am. Jur., New Trial, §24, pp. 47, 48; Annotation: 98 A.L.R. 941-953, 29 A.L.R. (2d) 1199-1223. The question before us is whether in doing so the court manifestly abused its discretion. *Sherman v. Manufacturers Light and Heat Company,* 389 Pa. 61, 68, 69, 132 A. 2d 255; *Krusinski v. Chioda,* 394 Pa. 90, 145 A. 2d 681; *Murosky v. Spaulding,* 188 Pa. Superior Ct. 306, 146 A. 2d 339. Whether this Court, in the exercise of its broad statutory authority, should order a new trial generally as to all parties and on all issues is a question which should be approached with great caution. *Esposito v. Henderson,* 185 Pa. Superior Ct. 479, 485, 137 A. 2d 900; 66 C.J.S., New Trial, §11 (e), p. 92.

Usually the question of liability is separate and distinct from the question of damages.[3] However, our courts have recognized, as a practical matter, that juries render compromise verdicts where the evidence of negligence is not clear, where the question of contributory negligence is not free from doubt, or where the evidence on the extent of the damages appears exaggerated or uncertain. Thus, where a verdict is small

---

[2] In this case the Supreme Court said (page 309 of 392 Pa., page 455 of 140 A. 2d): "From our review of the record we are satisfied that the lower court did not abuse its discretion in ordering a new trial for the purpose of redetermining the amount of damages which may properly be awarded the plaintiff."

[3] See Rule 224 of the Rules of Civil Procedure which gives the trial judge the power to segregate the issues by regulating the plaintiff's order of proof so as to have the evidence of liability submitted and passed upon on a motion for nonsuit before any evidence of damages is introduced.

in amount, but substantial, and bears some reasonable resemblance to the damages sustained, it will not be disturbed as a rule; particularly is this true if there is the added factor of doubt on any one or more of the issues of negligence, contributory negligence, or the extent of the injuries. See *Karcesky v. Laria,* 382 Pa. 227, 234, 114 A. 2d 150; *Alleva v. Porter,* 184 Pa. Superior Ct. 335, 340, 134 A. 2d 501; *Esposito v. Henderson,* supra, 185 Pa. Superior Ct. 479, 485, 137 A. 2d 900. The verdict for the minor in this case was grossly disproportionate to his injuries; it was not substantial, and it bore no reasonable resemblance to the injuries sustained. Defendant properly does not ask that the verdict be reinstated.

The distinction between an inadequate verdict and a compromise verdict is often difficult to make. Every inadequate verdict is not a compromise verdict; every compromise verdict is not inadequate. As we have indicated, the amount of a verdict does not necessarily establish a compromise or an inadequacy. We find no circumstances present in the instant case which might tend to indicate a compromise verdict on the claim of the minor. Of course there was no question of contributory negligence as the minor was only three and a half years of age. *Van Buren v. Eberhard,* supra, 377 Pa. 22, 25, 104 A. 2d 98. Nor does it appear to have been a compromise verdict because of any great uncertainty in the evidence on the extent of the injuries suffered by the minor; defendant concedes that the verdict was inadequate in view of the nature of the injuries. The question, therefore, is reduced to whether there was sufficient doubt on the issue of defendant's negligence to say that the verdict was in fact a compromise but a compromise that was out of proportion, and consequently a retrial of the issue of damages without a retrial of the issue of negligence

would deprive the defendant of the opportunity to have the next jury render another compromise verdict in a more adequate amount or a verdict for the defendant.

We have recognized that, where the question of liability has been fairly determined and defendant makes no complaint in respect thereto, it is not improper to eliminate the issue of negligence from further consideration by the jury at the new trial. *Maloney v. Rodgers,* supra, 184 Pa. Superior Ct. 342, 351, 135 A. 2d 88; *Lutz v. Force,* 185 Pa. Superior Ct. 610, 614, 139 A. 2d 566. In this case defendant's negligence was fairly determined and fully established by the evidence. Defendant makes no complaint of any trial errors affecting the matter of liability. In fact, defendant made no request for a new trial. We may assume, since defendant does not suggest otherwise and the contrary does not appear, that the issue of liability was tried without error. *Fitzpatrick v. Sheppard,* 346 Pa. 240, 242, 29 A. 2d 475; *Frank v. W. S. Losier & Co., Inc.,* supra, 361 Pa. 272, 278, 64 A. 2d 829; *Ratcliff v. Myers,* supra, 382 Pa. 196, 202, 113 A. 2d 558. Viewing the trial as a whole, and considering all the evidence and circumstances,[4] it is also apparent that the negligence on the part of defendant was substantively established with little room for doubt. Except for the attack upon the credibility of the witness Mrs. Grant by use of a prior signed statement, which was fully explained without contradiction by defendant's investigator, the evi-

---

[4] On review of the motion for judgment n.o.v., all facts and inferences are resolved in favor of the plaintiffs who received the verdicts; on review of the action granting a partial and limited new trial, the question is whether the court below manifestly or grossly abused its discretion, viewing the case as a whole with all the attendant circumstances, evidence, and inferences taken into consideration. *Sherman v. Manufacturers Light and Heat Company,* 389 Pa. 61, 68, 132 A. 2d 255; *Karcesky v. Laria,* 382 Pa. 227, 233, 114 A. 2d 150.

dence indicative of negligence was clear and uncontradicted. There was no evidence that this child darted out into the street. But it does appear that he was in the street in plain view of defendant for sufficient length of time for defendant to have seen him and to have stopped. The evidence is definite that the child was walking, not running, across the street, and that he had reached the center when defendant was still at least 57 feet away. As we previously indicated, considering these facts it is also apparent that the child was visible to defendant for a distance greater than 57 feet. Defendant's testimony tends to corroborate the nature of the accident. Defendant testified that his view was unobstructed as he proceeded down Aspen Street; that he was traveling at a speed of from 10 to 15 miles per hour; and that he did not see the child until after striking him. We think that defendant, with an unobstructed view and traveling at a slow rate of speed, had sufficient time and opportunity to stop before hitting the child if he had been attentive to the road ahead. Defendant in fact admitted that after the accident he told a police officer that he "had hit this little kid." Although it was defendant's theory that the child darted into his path or into the side of his car, there is no evidence, even from defendant, to so indicate; there is no evidence to detract from the fact that the child had walked to the middle of the street, where he was in full view of defendant, while defendant had adequate time to stop.

Under all the circumstances, we cannot say that the court below manifestly or grossly abused its discretion in eliminating the issue of defendant's negligence from further consideration at the new trial.

The order of the court below denying defendant's motion for judgment n.o.v. is affirmed. The order of the court below granting a new trial limited to the

issue of damages for pain, suffering, and disability of minor plaintiff is affirmed.

---

DISSENTING OPINION BY WRIGHT, J.:

It is my view that the lower court erred in not granting a new trial generally. Appellant asserted in the court below, and with considerable justification, that there was insufficient evidence to establish negligence on his part. He raises the same contention on this appeal. It is manifestly unfair to afford the plaintiffs a second chance on the question of damages, without also affording appellant a second chance on the question of liability. See *Esposito v. Henderson*, 185 Pa. Superior Ct. 479, 137 A. 2d 902.

The three cases cited by the court below, and principally relied upon in the majority opinion, can be readily distinguished. In *Baraonfski v. Malone*, 371 Pa. 479, 91 A. 2d 908, there was a default judgment which established liability, and the original trial concerned only the question of damages. In *Van Buren v. Eberhard*, 377 Pa. 22, 104 A. 2d 98, the charge of the trial judge on the question of damages was prejudicial to the defendants and they, not the plaintiffs, were given a second chance on that issue. Similarly in *Hanus v. K. M. B. Construction Co.*, 392 Pa. 307, 140 A. 2d 454, the verdict was excessive and the defendants, not the plaintiffs, were given a second chance on the question of damages.

None of the other cases cited in the majority opinion rule the question involved in the present appeal and with one exception, they will not be separately mentioned. The writer was the author of the opinion for this court in *Lutz v. Force*, 185 Pa. Superior Ct. 610, 139 A. 2d 566. In that case the new trial was

388

limited to the husband's claim for property damage, 'but the question of negligence was definitely not eliminated. In the case at bar the defendant-appellant is vigorously complaining with regard to the determination of the question of negligence. He is clearly entitled to a re-trial of the entire action.