Opinion by
 

 Ceecone, J.,
 

 This is an action by the father of Cindy Idzojtic, a six year old minor, to recover damages as her guardian, for the injuries Cindy sustained in a fall and to recover in his own right for the loss and expenses sustained as a result of her injuries.
 

 
 *49
 
 Cindy fell down the steps of neighboring defendants’ premises after her shoe caught on the warped and buckled floor of the defendants’ porch where she had been playing with other children. Cindy sustained a spiral fracture of her left tibia. Suit was instituted against the defendant property owners on the theory that they were negligent in their maintenance and repair of the porch.
 

 The jury returned a verdict in favor of the minor in the amount of $300 but entered a verdict in favor of the defendants in the father’s claim for his loss and expenses. Motions for new trial were filed in both causes of action, but were refused by the court below. This appeal followed.
 

 An important issue presented in this appeal is whether or not the father-plaintiff can recover against the third-party tortfeasors for the losses and expenses incurred by him as a result of his child’s injuries where the jury by its verdict has found the mother’s negligence to have contributed to the child’s injuries. There was evidence in this case that the child’s mother at some indefinite time prior to her daughter’s fall had visited the premises in question and would have had occasion, therefore, to observe the condition of the porch on which she had permitted her daughter to play. The court charged the jury that if the jury found the mother contributorily negligent, her negligence would be imputed to the father and preclude him from recovery.
 

 By its own verdict in favor of the defendants in the father’s action in his own right, the jury obviously found the mother contributorily negligent and imputed that negligence to the father. The court below held this not to be error, saying: “A parent is barred from recovery for harm to his legally protected interest in his child by the contributory negligence of the other
 
 *50
 
 parent. Connelly v. Kanfmann & Baer Co., 349 Pa. 261 (1944). Riesberg v. Pittsburgh and Lake Erie Railroad, 407 Pa. 434 (1962).” It is our determination, however, that an application of the Supreme Court’s decision in
 
 Smalich v. Westfall,
 
 440 Pa. 409 (1970), now calls for a result different from that reached in the two cases relied upon by the court below. The court in
 
 Smalich
 
 enunciated the rule that “. . . a plaintiff ought not to be barred from recovery against a negligent defendant by the contributory negligence of a third person unless the relationship between the plaintiff and the third person is such that the plaintiff would be vicariously liable as a defendant for the negligent acts of the third person: Prosser, The Law of Torts §73 (3d ed. 1964). See also, Restatement (Second), Torts §§485, 486 and 491 (1965).” There is no rule of law in Pennsylvania which makes a husband vicariously liable for the negligent acts of his wife. Certainly, such was not the intendment of the Act of June 26, 1895, P. L. 316, Sec. 1, as amended, May 13, 1925, P. L. 638, §1, 48 P.S. §91, which provides: “The father and mother shall have a joint right of action for injuries to their minor child, for the loss of its services and expenses incidental thereto, and either the father or mother shall have the right to sue therefor in the name of both. In case the father and mother live apart the action shall be maintained by the parent having the custody of the child and the control of its services.” The 1895 Act merely states what is provided for in Rule 2228 of the Pennsylvania Rules of Civil Procedure relating to the form and joinder of the parents’ and the minor’s actions, and the Comment to said Rule so states: “The two subdivisions of this Rule restate the provisions of the Acts of . . . June 26, 1895, P. L. 316, sec. 1, as amended, May 13, 1925, P. L. 638, sec. 1, 48 P.S. §91. The Rule makes no attempt to state
 
 *51
 
 when a right of action will accrue to another person as that is a matter of substantive law. . . .” Since under Pennsylvania law a father is not vicariously liable for the mother’s negligence, an application of the
 
 Smalich
 
 holding sustains the father’s right to recover in this case against the negligence of defendants for the loss and expenses incurred by him as a result of his minor daughter’s injuries, even though those injuries may have been contributed to by his wife, the child’s mother. This holding is in accord with the Revised Rule of the Restatement of Torts, 2d, Sec. 494A: “The negligence of one parent does not bar recovery by the other parent for loss of the services of their child or for medical expenses incurred in caring for him.”
 
 [1]
 

 The reasons set forth here are supported in the opinion of the United States District Court for the Eastern District of Pennsylvania in the case of
 
 Frankel v. United States,
 
 321 F. Supp. 1331 (1970). The
 
 Frankel
 
 opinion discussed the case of
 
 Riesberg v. Pittsburgh and Lake Erie Railroad,
 
 supra, in which a mother’s negligence was imputed to the father and held that the
 
 Smalich
 
 case had altered the rule of
 
 Riesberg.
 
 In
 
 Frankel
 
 the court stated at 1337: “There is no rule of law in Pennsylvania which would make Herbert Heym vicariously liable for the negligent acts of his wife, Mary, under the facts of this case. He should not be precluded from recovering for expenses incident to the injuries to Marilyn. This result finds support in Restatement 2d, Torts, §491A: . . .
 

 “Comment a under this section states that the negligence of one parent is not imputed to the other to bar recovery for loss of services of their child.”
 

 
 *52
 
 The father therefore should have been permitted to recover against the defendants for his consequent expenses and losses arising out of his daughter’s injuries caused by defendants’ negligence.
 

 It is also argued by plaintiff that the $300 award to the minor was grossly inadequate in view of the injuries she sustained. The record shows that the minor plaintiff, as a result of the fall, sustained a spiral fracture of the left tibia (the main weight-bearing bone in the leg) which required the left leg to be immobilized in a “fracture box” for two or three days and later, after the swelling of the leg subsided, to be immobilized in a cast covering the left foot and left leg and three-fourths of the left thigh. Cindy was treated for her injuries at the Sewickley Valley Hospital from April 19, 1965, the date of her fall, until April 24, 1965, when she was released to be confined to her home until the cast was removed on July 8,1965.
 

 From the date of her release from the hospital until August 13, 1965, Cindy made six visits to the orthopedic surgeon who had been attending to her injuries.
 

 She was not able to complete the 1964-65 term of her school year, and she was unable to leave the family home to go swimming or play with her friends during a substantial part of the summer. While the cast was on, she had to get around in a wheelchair. She had severe pains in the leg. In the autumm of 1965, she returned to school with a slight limp. Dr. Willison prescribed walking exercises to restore the muscular strength of the left leg. Even after returning to school in the autumn, Cindy continued to have occasional pains of the left leg, below the knee. She had occasional pains in the leg even as of the date of trial.
 

 It was the lower court’s opinion that the $300 verdict for Cindy “was not so inadequate as to justify a new trial.” The court minimized the extent of Cindy’s
 
 *53
 
 injuries in its recitation of the evidence as follows: “There was evidence that Cindy suffered considerable pain for two days until her leg was placed in a cast. After that, except for the discomfort of the leg cast for two and one-half months, there was no evidence of extensive or aggravated pain. During the period she had on the cast, Cindy sat up downstairs, hobbled around on one foot, or sat in a wheelchair outside and enjoyed the company of her dolls and playmates.”
 

 Though we do not in the absence of “clear abuse of discretion” interfere with the lower court’s refusal of the motion for new trial based on the verdict’s inadequacy,
 
 [2]
 
 it is our determination that there was such abuse of discretion in the lower court’s holding that the amount of $300 was an adequate verdict for the pain, suffering, and inconvenience endured by this minor. The lower court cited the case of
 
 Bowie v. Shelton,
 
 214 Pa. Superior Ct. 107, 110 (1969), wherein the verdict of $200 was held not to be inadequate for a broken rib and bruises. However, in that case this court clearly pointed out that the claim for damages “was complicated by a pre-existing hypertensive heart condition, and the jury had the difficult task of determining to what extent her condition was affected by the accident.” There was no such complication to be resolved by the jurors in this case. Each personal injury case is unique as to the injuries sustained and their effect on the individual injured. Prior decisions cannot be used as governing precedent exclusively. Each case requires separate study of the evidence, and it is our determination that a verdict of $300 for Cindy in this case was inadequate just as the $200 verdict was conceded to be inadequate in
 
 Gason v.
 
 Smith, 188 Pa. Superior Ct. 376 (1958).
 

 
 *54
 
 Defendants argue that the verdict could be justified as a compromise verdict under the authority of
 
 Karcesky v.
 
 Laria, 382 Pa. 227 (1955). That case, however, is clearly distinguishable in that the lower court based its refusal of a new trial on its determination that the jury’s verdict represented a compromise “on the negligence question”. The lower court there stated: “The contributory negligence of plaintiffs and negligence of defendant and additional defendant were debatable questions”. In the case now before us the lower court did not so view the verdict as a compromise verdict, and therefore we shall not discuss the matter of a lower court’s discretion in cases involving compromise verdicts.
 

 Furthermore, in
 
 Karcesky,
 
 supra, the court, in upholding the correctness of the lower court’s decision that plaintiff’s damages were properly determined by the jury on a compromise basis, was also influenced by the fact that the verdict of $2,000 was “substantial”; certainly a $300 verdict cannot be viewed as “substantial”.
 

 In the instant case, not only was the verdict not substantial but the evidence of defendants’ negligence was clear and there was no claim of contributory negligence on the part of the minor. The child’s testimony was not, as defendants assert, meager, but was clear as to her shoe being caught in the board of the porch. Though she did not see the buckle on her shoe catch on the board of the porch, she testified in the testimony quoted by defendants that she knew that her shoe was being pulled.
 

 “Q. Now, you told us a couple of minutes ago, Cindy, that when you hopped, this buckle on your shoe caught on a board someplace on the porch, is that right? A. Yes. Q. Did you actually see your buckle catch? A. No, but it pulled my shoe. Q. You felt something pull
 
 *55
 
 jour shoe? A. Yes.” The wife-defendant admitted there were some warped and uneven boards on the porch. The defendants argue that “the jury may well have determined that it was not just the condition of the porch, but also the manner in which these six year olds were playing that caused the minor’s injuries. Although under the law this could not bar the child’s recovery, it could legitimately limit the amount of the recovery on the theory of a compromise verdict.” The defendants thus would argue for a compromise verdict based not on a compromise of conflicting evidence but based on an assumption that the minor’s conduct had contributed to her shoe catching on the board of the porch, which assumption was not based on any evidence and was contrary to the very clear instructions by the court on the lack of contributory negligence on the part of a six and one-half year old child. The issues in this case were not so involved and the evidence not so contradictory as to permit the verdict to be viewed as a compromise verdict. What was said in
 
 Cason v. Smith,
 
 supra, is appropriate here: “Every inadequate verdict is not a compromise verdict; every compromise verdict is not inadequate. As we have indicated, the amount of a verdict does not necessarily establish a compromise or an inadequacy. We find no circumstances present in the instant case which might tend to indicate a compromise verdict on the claim of the minor. Of course there was no question of contributory negligence as the minor was only three and a half years of age. Van Buren v. Eberhard, supra, 377 Pa. 22, 25, 104 A. 2d 98.”
 

 It is our holding, therefore, that when by its verdict in favor of the minor the jury determined it was the defendants’ negligence which caused her injuries, it was the jury’s duty to render an adequate verdict. As stated in
 
 Todd v. Bercini,
 
 371 Pa. 605, 607 (1952) : “If
 
 *56
 
 Mrs. Todd was entitled to a verdict from the defendant because of the injuries he inflicted upon her as the result of his negligence, she was entitled to
 
 all
 
 that the law provides in such a case.” (Emphasis that of the court). The sum of |300 was not “all” the minor was entitled to receive for the injuries she sustained as a result of defendants’ negligence.
 

 A new trial should therefore be awarded as to both the minor’s and the father’s causes of action, and it is our opinion that such new trials can properly be limited to the issue of damages. As stated in
 
 Messer v. Beighley,
 
 409 Pa. 551, at 555 (1963) : “Since the only trial errors disclosed in the record deal with the question of damages, in fairness, the second trial should be limited to that question.” We cannot, as already stated, view the verdict as a compromise on the question of liability so as to require that issue to be resubmitted to the jury, and for that reason the case of
 
 Mains v.
 
 Moore, 189 Pa. Superior Ct. 430 (1959), relied on by defendants is not controlling. Nor can we agree with defendants’ argument that liability must be relitigated since there was a verdict in favor of the defendants in the father’s case. In view of the verdict in favor of the minor, the jury’s failure to return a verdict in favor of the father even to the extent of the medical bills incurred by him in behalf of his daughter, can only have been based on the court’s instruction that if it found the mother contributorily negligent, that negligence would bar the father’s récovery, which instruction was not in conformity with the law.
 

 The court below based its refusal of the motions for new trial on a determination of the merits and made no disposition of defendants’ contention that the motions were filed one day late. In not dismissing the motions because of late filing and in accepting the motions for new trial for consideration and making a de
 
 *57
 
 termination of the issues raised by those motions, the court below exercised its discretion to permit late filing. We see no reason to hold such action to be error in the absence of any showing of prejudice to defendants from the one-day delay.
 

 Accordingly, the judgments are reversed, and the causes of action are remanded for new trial on the issue of damages in accordance with this opinion.
 

 [1]
 

 This Buie was adopted after the decision in
 
 Connelly v. Kaufmann & Baer Co.,
 
 supra, which relied on the prior Bestatement Buie then providing to the contrary.
 

 [2]
 

 Greco v. 7-Up Bottling Co. of Pgh.,
 
 401 Pa. 434 (1950).