### Burton v. Althoff

*Henry O. Heiser, 3rd,* for plaintiffs.
*Robert E. Campbell,* for defendants.

MACPHAIL, P. J., December 14, 1973.—In a nonjury trial, we barred plaintiff-parents' recovery for medical expenses incurred by reason of injuries sustained by their daughter, Melia, while under the temporary care of an older sister.[1] Our ruling was based upon our finding that the older sister was contributorily negligent and that her contributory negligence was attributable to plaintiff-parents under the holding of Gress v. Philadelphia & Reading Railway Company, 228 Pa. 482 (1910). Plaintiffs subsequently filed an exception

---

[1] We did award damages to the parents as guardian for Melia in the sum of $3,500.

to our conclusion in that respect and the matter is now before us for disposition.

No extensive recitation of facts is necessary because the sole issue is one of law. However, it may be helpful in understanding this opinion to state that Melia, a six-year-old, was left in the custody of her 13-year-old sister while the mother went shopping. At the time, a neighbor was mowing in a field nearby. Melia's friend, the daughter of the person doing the mowing, asked her to come out to play and Melia did so. Although she was aware that the mowing was going on and the potential danger it created, the older sister did not check on Melia. Unfortunately, Melia was injured when the mower accidentally ran over her foot. We held the older sister to be contributorily negligent.

The issue presented is whether the negligence of a third person may be imputed to the parents so as to bar their recovery for damages incurred in their own right by reason of their daughter's injuries. In Gress v. Philadelphia & Reading Railway Company, supra, the Supreme Court held that the answer to that question was in the affirmative. Factually, in the Gress case, the care of a six-year-old was entrusted to a 14-year-old by the father. The court barred both parents from recovering by imputing the contributory negligence of the older child to the parents. The holding was quoted with favor in Darbrinsky v. The Pennsylvania Company, 248 Pa. 503 (1915), and was followed more recently in Dieroff v. Fiorito, 89 Montg. 114 (1967), on a factual situation similar to that in the Gress case, supra. See also Liberato v. Wynn, 25 Del. Co. 344 (1935).

In 1970, the Supreme Court of Pennsylvania had before it an automobile case in which a mother and her child were injured in a two-car collision where the operator of their vehicle was a third person found to

be contributorily negligent with respect to the cause of the accident. The lower court precluded the guardian of the minor from recovering expenses for the minor's injuries on the ground that the contributory negligence of the third party was imputed to the parents. Interestingly, the court noted that the lower court relied upon Beam v. Pittsburgh Railways Co., 366 Pa. 360 (1951), in reaching its decision.[2] In the Beam case, the court said, at page 362, that the issue before it was whether the contributory negligence of a driver of an automobile is imputable to the occupant-owner of the car. The court in the Beam case said it was. In the case of Smalich v. Westfall, 440 Pa. 409 (1970), the Supreme Court of Pennsylvania said it was not. The court said it was overruling the holding in the Beam case, supra, and went on to say, at page 416:

"Perhaps many of the harsh results sometimes associated with the imputation of contributory negligence can be attributed to our mistaken assumption that a principal is vicariously liable for the negligent acts of his agent. We therefore now state unequivocally that only a master-servant relationship or a finding of a joint enterprise will justify an imputation of contributory negligence."

Defendants in the case now before us point out that much of the language in the Smalich opinion refers to automobile accident cases. Therefore, defendants contend that the holding in Smalich should be limited to the precise situation it was actually addressing. The Smalich case was followed by Frankel v. United States, 321 F. Supp. 1331 (1970, E.D. Pa.), and Idzojtic v. Catalucci, 222 Pa. Superior Ct. 47 (1972). The Frankel

---

[2] No mention was made of Gress v. Philadelphia & Reading Railway Co., supra.

case was an automobile case, but the language of that court's opinion indicates that it felt the holding in Smalich was not intended to be limited to automobile cases. Judge Sheridan, writing for the court, held that the real significance of Smalich was to incorporate the revised rule of the Restatement .2d, Torts, §494A as the law of Pennsylvania. That section reads as follows:

"The negligence of one parent does not bar recovery by the other parent for loss of the services of their child, or for medical expenses incurred in caring for him."

The Idzojtic case did *not* involve the operation of an automobile. In that case, a six-year-old girl had fallen on defendant's porch. The child's mother was held to be contributorily negligent because she knew of the porch's dangerous condition but nevertheless permitted her child to play on it. Under the court's instructions, the jury barred the father's recovery for his loss and expenses. Judge Cercone, writing for the court, cited both the Smalich and Frankel cases and held that since the father could not be vicariously liable for the mother's negligence, he could not be barred from recovery under the holdings of the Smalich and Frankel cases. The significance of this language for our purposes here is that the test of vicarious liability must be met before contributory negligence can be imputed. This is true even though the situation is limited in the Idzojtic case to the contributory negligence of a parent as barring the other parent. The failure of any of the recent appellate decisions to refer to Gress v. Philadelphia & Reading Railway Company, supra, is troublesome but the language in the Idzojtic case seems to be clear that the rule of imputed negligence in parent-child situations

will apply only where there is a master-servant relationship or a joint venture which, by law, makes the parent vicariously liable for the acts of the other parent or of a child of the parent.

Since there is neither a master-servant relationship nor a joint venture in this case, it appears, therefore, that we were in error and our conclusion of law in this respect must be amended. It was stipulated at trial that the medical expenses were fair and reasonable and were incurred as a result of the child's injury sustained in the incident which gave rise to this lawsuit; therefore, it does not appear that a new trial will be necessary.

## ORDER OF COURT

And now, December 14, 1973, plaintiffs' exception to conclusion of law no. 1 is sustained. It is ordered that that item be amended to read as follows:

1. The contributory negligence of Holly Minter is not imputable to the parents of Melia L. Burton by reason of the holding of Idzojtic v. Catalucci, 222 Pa. Superior Ct. 47 (1972).

It is further ordered that the verdict previously entered on May 24, 1973, be and the same is hereby amended to read as follows:

"A verdict is hereby entered in favor of Melia L. Burton, a minor, by Melvin E. Burton, her guardian, against Charles J. Althoff in the sum of $3,500 and a verdict in favor of Melvin E. Burton and Penny L. Burton is hereby entered against Charles J. Althoff in the sum of $1634.90."

Finally, it is ordered that the prothonotary on praecipe shall enter the findings, conclusions, and verdict as herein modified as a final judgment.