## Chesko, Appellant, *v.* Steinbaugh.

Argued March 18, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Joseph W. Conway,* with him *Suto, Power, Balzarini & Walsh,* for appellant.

*Richard D. Klaber,* with him *Dickie, McCamey & Chilcote,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 23, 1969:

This is an appeal from the Judgment of the Court of Common Pleas, entered after the jury had returned a verdict for defendant and the lower Court had dismissed plaintiff's motions for judgment n.o.v. and a new trial.

This personal injury action grew out of a collision between two boats on the Connequenessing Creek in Beaver County. The plaintiff, Helen Marie Chesko, was a passenger in a boat owned and operated by Fred Fusco. At the time the accident occurred, Fusco was driving his boat upstream in a westerly direction. The defendant, operating his own boat, was coming down the Creek in the opposite direction. At the point where the collision took place, Connequenessing Creek is approximately 100 yards wide, and flows from west to east. Neither party challenges or disputes the aforesaid facts. However, the precise place or spot on the

Creek, and the exact manner in which the accident occurred when the two boats collided were issues which were hotly contested by the parties.

The applicable legal test when a motion for a new trial is denied was recently reiterated in *Cwiakala v. Paal*, 427 Pa. 322, 324, 235 A. 2d 145: "The test before this Court is well settled: where a new trial is refused or granted, an Appellate Court will reverse only when there has been a clear abuse of discretion or an error of law which controlled the outcome of the case. [citing seven recent Supreme Court cases]."

In *Hummel v. Womeldorf*, 426 Pa. 460, 464, 233 A. 2d 215, the Court said that "It no longer requires any citation of authority to sustain the proposition that a new trial will not be granted because of a mere conflict in testimony, or because a trial judge or appellate tribunal would have arrived at a different conclusion."

The trial Judge, who saw and heard the witnesses, concluded that the credible evidence presented in this case was sufficient to support the jury's verdict for the defendant, and that there was no reason to grant a new trial. We further note that the trial Judge ably and correctly charged the jury on the applicable points of law. Accordingly, we find there was no abuse of discretion or error of law.

Judgment affirmed.