344 A.2d 810
Daniel Wayne LAMBERT and Matilda Lambert,
his mother, Appellants,

v.

PITTSBURGH BRIDGE AND IRON WORKS,
Appellee.

Supreme Court of Pennsylvania.

Argued March 13, 1975.

Decided Oct. 3, 1975.

Louis M. Tarasi, Jr., Conte, Courtney, Tarasi & Price, Pittsburgh, for appellants.

James A. McGregor, Jr., Reed, Sohn, Reed & Kunselman, Beaver, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

On April 15, 1965, the appellee, Pittsburgh Bridge and Iron Works, sent one of its forklift split-wheels to the Beaver Valley Tire Service for installation of a new tire on the wheel. Beaver Valley was in the business of selling new tires, recapping used tires and doing general tire repair work. The owner of Beaver Valley, Robert McCandless, separated the wheel and removed the old tire. The appellant, Daniel Lambert, who was eighteen years of age and had been employed as a tire changer with

Beaver Valley for approximately nine months prior thereto, then undertook to install the new tire. He placed a deflated new tire on the inner wheel and proceeded to mount the outer wheel. He had no difficulty placing the bolts and fastening the nuts by means of a four-way wrench. He then began to inflate the tire. However, when he had filled it to eighty pounds pressure, the two halves of the wheel violently separated, one portion of which struck Lambert in the head and then, in deflection, carried to the ceiling approximately fourteen feet above the floor where it left an impression in the ceiling plaster.

Subsequently, an action in trespass was brought naming the Pittsburgh Bridge and Iron Works as defendant.[1] The case was submitted to the jury with an instruction that Section 392 of the Restatement of Torts (2d) was the law applicable to the case. The jury then returned verdicts in favor of Lambert and his mother, Matilda.[2] Post trial motions were timely filed and denied by a court en banc and judgments were entered on the verdicts.

An appeal was taken to the Superior Court which determined the trial court had erroneously instructed the jury that Section 392 of the Restatement of Torts (2d) was the law applicable to the case. Rather, it held, the jury should have been instructed in accordance with the provisions of Section 388 of the Restatement of Torts (2d).[3] Therefore, it vacated the judgments of the

1.  The lawsuit was originally filed by Daniel Lambert's parents, Lawrence O. Lambert and Matilda Lambert, on his behalf, since he was at that time a minor, and on their own behalf. Prior to trial, however, Daniel Lambert had attained his majority and his father, Lawrence O. Lambert, had died. Therefore, the trial proceeded with Daniel Lambert and his mother, Matilda Lambert, as plaintiffs, each in his own right against the defendant.

2.  Damages were awarded Daniel Lambert in the sum of $60,000 and Matilda Lambert in the sum of $20,682.

3.  The duty of reasonable inspection of the chattel is entirely different depending upon whether Section 388 or 392 is applicable.

lower court and ordered that a new trial be held. The Superior Court, however, remanded the case with an instruction that:

"On retrial, the jury should be instructed fully with respect to the respective duties and responsibilities as provided in Section 388. Furthermore, the jury should be instructed that a failure to exercise the duty of reasonable inspection on the part of the plaintiff *or his employer* may bar recovery." [Emphasis added.]

*Lambert v. Pittsburgh Bridge and Iron Works*, 227 Pa. Super. 50, 61 n. 5, 323 A.2d 107, 112 (1974). We then granted allocatur limited to a determination of whether an employer's contributory negligence may be imputed to his employee to bar recovery by that employee in an action brought against a third party.

■■■ The above-quoted instruction would indicate that a plaintiff, suing the supplier of the chattel which injured him, may be barred from recovery even though the jury finds the supplier to be negligent if the jury also finds the plaintiff's employer failed to exercise the duty of reasonable inspection imposed by Section 388. However, as we noted in *Smalich v. Westfall*, 440 Pa. 409, 412, 269 A.2d 476, 480 (1970), "a plaintiff ought not to be barred from recovery against a negligent de-

Under Section 392, the duty is clearly upon the supplier of the chattel and the user will be barred from recovery only if, knowing of the dangerous condition, he fails to take adequate precautions to protect himself. Under Section 388, the supplier of the chattel is liable only if he "knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied" and fails to so warn the user. The user of the chattel has, under Section 388, a duty of reasonable inspection and the supplier of the chattel will never be held liable for a condition which is readily discoverable upon casual inspection unless the condition is one which only persons of special experience would realize to be dangerous.

As noted in *Thomas v. Ribble*, 404 Pa. 296, 300, 172 A.2d 280 (1961), the standards contained in Section 388 apply to bailments for repair. Thus the Superior Court was correct in determining that Section 388 was the applicable law.

fendant by the contributory negligence of a third person unless the relationship between the plaintiff and the third person is such that the plaintiff would be vicariously liable as a defendant for the negligent acts of the third person: Prosser, The Law of Torts § 73 (3d ed.1964). See also, Restatement (Second), Torts §§ 485, 486 and 491 (1965)." [4] See also *Frankel v. United States*, 321 F. Supp. 1331, 1336–1337 (E.D.Pa.1970) ; *Idzojtic v. Catalucci*, 222 Pa.Super. 47, 49–51, 292 A.2d 464 (1972). There is no rule of law in this Commonwealth which would render an employee vicariously liable as a defendant for the negligent acts of his employer. Therefore, that portion of the Superior Court's opinion, indicating that Lambert may be barred from recovery if the jury finds his employer failed to exercise the duty of reasonable ·inspection imposed by Section 388, is incorrect and should be disregarded.

The Order of the Superior Court is affirmed and the record is remanded to the court of original jurisdiction for further proceedings consistent with this opinion.

ROBERTS, J., took no part in the consideration or decision of this opinion.

---

4. Section 485 of the Restatement of Torts (2d) provides:
"Except as stated in §§ 486 [Master-Servant Relationship] 491 [Joint Enterprise], and 494 [Survival action barred by decedent's own contributory negligence], a plaintiff is not barred from recovery by the negligent act or omission of a third party."