561 A.2d 797

**Floyd E. GOUSE, Appellant,**

v.

**Douglas R. CASSEL, M.D.**

Superior Court of Pennsylvania.

Argued April 18, 1989.

Filed July 14, 1989.

Richard H. Wix, Harrisburg, for appellant.

Christian S. Erb, Jr., Harrisburg, for appellee.

Before ROWLEY, POPOVICH and JOHNSON, JJ.

ROWLEY, Judge:

This is an appeal by Floyd E. Gouse from a judgment entered against him in a medical malpractice action arising out of a splenectomy performed on appellant by appellee, Dr. Cassel, in mid-October, 1976. At the trial, in November 1986, appellant alleged that his informed consent to the surgery was not obtained, that the surgery was unnecessary, and that the operation and follow-up care were negligently performed. The appellee was granted a compulsory nonsuit on the negligence count, and the informed consent issue was sent to the jury in the form of two interrogatories:

1. Was Mr. Gouse advised of those material facts, risks, complications and alternatives to surgery, which a reasonable man would have considered significant in deciding whether or not to have the operation?

2. If you find that the plaintiff was not advised of those material facts, risks, complications and alternatives to the surgery, do you find that a reasonable man having Mr. Gouse's diagnosis and in Mr. Gouse's condi-

tion would have agreed to undergo the operation nevertheless?

The jury answered the first interrogatory in the negative and the second in the affirmative, and the trial judge entered judgment against the appellant. Appellant appeals, asserting first, that the second interrogatory should not have been given at all; and second, that if given, the second interrogatory should have presented a subjective rather than an objective ("reasonable person") standard for causation. Appellant requests that his case be remanded for a trial solely to determine the amount of damages to be awarded or, in the alternative, a new trial. Based on our thorough review of the record, consideration of the arguments presented, and search of the law of informed consent in Pennsylvania, we reverse the judgment of the trial court and remand this case for a trial solely to determine the amount of damages to which appellant is entitled.

Our court, in deciding if a new trial should be ordered, must consider whether the trial court abused its discretion or committed an error of law which might have affected the outcome of the case. *Cooper v. Burns,* 376 Pa.Super. 276, 281, 545 A.2d 935, 937 (1988). The jury here found that appellant's consent to the surgery was not "informed." If, as appellant claims, it was error for the second interrogatory to be sent to the jury, the outcome of the trial without that interrogatory would have been a judgment for the appellant, with only the amount of damages in question. If, on the other hand, the second interrogatory, as written, incorrectly represents the law of Pennsylvania, the outcome of the trial might have been reversed. Since we find that it was error for the trial judge to give the second interrogatory to the jury, we do not address appellant's second issue.

In Pennsylvania, if a physician fails to obtain a patient's informed consent for a surgery he performs, that doctor is guilty of assault and battery and "is liable for any injuries resulting from the invasion...." *Cooper v. Roberts,* 220 Pa.Super. 260, 265, 286 A.2d 647, 649 (1971), applying the rule in *Gray v. Grunnagle,* 423 Pa. 144, 223 A.2d 663

(1966). The Civil Instructions Subcommittee of the Pennsylvania Supreme Court Committee for Proposed Standard Jury Instructions cites both *Gray* and *Cooper v. Roberts* in its notes on § 10.06A of the proposed civil jury instructions. It concludes that because a doctor commits a battery on his patient when he operates without informed consent, the jury should not be instructed on legal causation and the patient can prevail in his action without having to show that if properly informed about the operation, he would not have consented to it.

The decisions of this Court since *Gray* similarly have mirrored the reverence that this state holds for the idea that a competent adult citizen should have the right to medical self-determination. *Jozsa v. Hottenstein,* 364 Pa. Super. 469, 528 A.2d 606 (1987); *Festa v. Greenberg,* 354 Pa.Super. 346, 511 A.2d 1371 (1986); *Sauro v. Shea,* 257 Pa.Super. 87, 390 A.2d 259 (1978); *Jeffries v. McCague,* 242 Pa.Super. 76, 363 A.2d 1167 (1976); *Cooper v. Roberts,* supra. Most recently, we reaffirmed the paramount importance of the informed consent doctrine, and spoke to the very issue raised by this appellant, in *Sagala v. Tavares,* 367 Pa.Super. 573, 533 A.2d 165 (1987). In that decision, we held that:

> "It bears repeating that the standard is whether the defendant-physician disclosed all the facts, risks, and alternatives that a reasonable person in the situation, which the physician knew or should have known to be the plaintiff-patient's, would declare significant in making a decision to undergo the recommended treatment. Recovery is based on the administration of surgical procedure in the absence of the patient's informed consent, *not on whether the patient would not have gone through with the operation if warned of a particular danger."* (Emphasis ours.)

*Id.,* 367 Pa.Superior Ct. at 580–81, 533 A.2d at 169.

The trial court here, acting without benefit of our opinion in *Sagala,* relied on dictum in *Neal by Neal v. Lu,* 365 Pa.Super. 464, 530 A.2d 103 (1987). There, the court wrote that a physician is liable for damages to his patient where:

"1) the physician fails to disclose any risk in the recommended treatment, or the existence of any alternative method of treatment, that a reasonable person would deem material in deciding whether to undergo the recommended treatment; 2) the patient would have foregone the recommended treatment had he or she known of the undisclosed information; and 3) as a result of the recommended treatment, the patient actually suffers an injury the risk of which was undisclosed...."

*Id.*, 365 Pa.Superior Ct. at 478, 530 A.2d at 111. The trial court concluded that *Neal* requires the submission of a two-part interrogatory to the jury, asking first if there was informed consent and, second, if not, did the lack of informed consent make any difference to the patient's decision to accept the treatment. However, a more comprehensive review of the quoted passage from *Neal*, in the context in which it was presented, reveals that the court there did not rely on such a determination of causal relation to answer the question of whether the physician was liable for injuries to the patient from undisclosed risks. Rather, the court's decision rejecting plaintiff's claim of lack of informed consent was based on the conflict in evidence regarding whether the defendant-physician did surgery of the type which could have caused the injury to the patient, and further, on plaintiff's failure to prove that she was uninformed of the risks and alternatives. The court in *Neal* particularly noted the lack of expert testimony about the nature and magnitude of the risks and alternative methods of treatment as reason for its finding. The concerns of the court in *Neal* thus are completely distinguishable from the issue of whether the plaintiff-patient must prove that he (or a reasonable person) would not have consented to the treatment had the risks been disclosed. Therefore, to the extent that the portion of the decision in *Neal* upon which the trial court here based its decision to issue a second interrogatory is contrary to this opinion, we note that it was not necessary to the holding of the court in *Neal*, therefore was dictum, and does not bind us. *In re Estate of Pew*, 411 Pa. 96, 103, 191 A.2d 399, 404 (1963) (what is actually

decided and controlling is the law which is applicable to the specific facts of that particular case, and although "great consideration" is due other statements and conclusions contained in the opinion, they are not controlling); *In re Estate of Cassell,* 334 Pa. 381, 384, 6 A.2d 60, 61 (1939) (if the statement is not necessary to the decision, it is dictum and not binding authority).

We reaffirm our opinion in *Sagala,* in which we held that it is improper for a trial court to add to the law in Pennsylvania by saying that before a jury can render a verdict for a plaintiff-patient, that plaintiff must show that a reasonable person in his place, having been properly advised by his doctor, would not have consented to surgery. *Id.,* 367 Pa.Superior Ct. at 580, 533 A.2d at 169. We refuse to eviscerate the doctrine of informed consent by predicating materiality and, thus, the mandate for disclosure of risks and alternatives, upon a factfinder's determination that a plaintiff-patient would have declined treatment had the disclosures been made.

The Judgment of the trial court is reversed and this case is remanded for a trial solely to determine the amount of damages to be awarded to appellant.