J-S03032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TYRONE GRANT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAMESH AGARWAL, M.D. AND | : | No. 1077 WDA 2019 |
| UNIVERSITY OF PITTSBURGH | : | |
| MEDICAL CENTER | : | |

Appeal from the Order Entered June 10, 2019
In the Court of Common Pleas of Blair County Civil Division at No(s):
2018-2049

BEFORE:  McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED FEBRUARY 25, 2020**

Tyrone Grant (Grant) appeals *pro se* from the order denying his petition to open the judgment of *non pros* entered against him and in favor of Ramesh Agarwal, M.D. (Dr. Agarwal) and the University of Pittsburgh Medical Center (UPMC).  We affirm.

We take the following factual background and procedural history from the trial court's August 14, 2019 opinion and our independent review of the certified record.  Grant is incarcerated at the Greene State Correctional Institution in Waynesburg, Pennsylvania.  He filed a Complaint on July 18, 2018, related to Dr. Agarwal's performance of oral surgery on him at UPMC on August 10, 2016.

_____

[*] Retired Senior Judge assigned to the Superior Court.

After Grant was unable to serve the Complaint, he filed a *Praecipe* for Reinstatement of the Complaint on November 5, 2018. He filed an Amended Complaint on December 10, 2018, and a second Amended Complaint on March 5, 2019.

The Amended Complaint averred that Dr. Agarwal performed an open reduction of the right orbital floor fracture with an implant. (**See** Amended Complaint, at Paragraphs 7-8). Grant asserts that the implant was to be a titanium plate but that Dr. Agarwal implanted an internal fixation of Gelfoam under general anesthesia instead. (**See id.** at Paragraph 8). He underwent a subsequent surgery with Dr. Jenny Yea of UPMC to address the orbital floor "blow out." (**Id.** at Paragraphs 13-15).

Based on the foregoing facts, Grant asserted eight counts against Dr. Agarwal, three of which he withdrew. The remaining five counts included: (1) Battery—Lack of Informed Consent regarding general anesthesia; (2) Battery—Lack of consent regarding surgery of open reduction internal fixation of Gelfoam; (3) Battery—Placing Grant under general anesthesia a second time; (4) Misrepresentation regarding the nature of the surgery; and (5) Breach of Contract. (**See id.** at Paragraphs 18-27). He maintains that because of Dr. Agarwal's actions, he suffered injuries including loss of consciousness, permanent facial disfigurement, lid lag, eye infection, loss of smell and use of nose, emotional distress, orbital tissue atrophy, increased double vision, loss of sensation, significant exophthalmos, and permanent globe restriction of the right eye. (**See id.** at Paragraph 17).

J-S03032-20

Neither the original Complaint nor the Amended Complaints contained a certificate of merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3.[1]

_____

[1] Rule 1042.3 provides, in pertinent part:

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

\*   \*   \*

(d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. A motion to extend the time for filing a certificate of merit must be filed by the thirtieth day after the filing of a notice of intention to enter judgment of *non pros* on a professional liability claim under Rule 1042.6(a) or on or before the expiration of the extended time where a court has granted a motion to extend the time to file a certificate of merit, whichever is greater. The filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules upon the motion.

Pa.R.C.P. 1042.3(a), (d).

- 3 -

On March 28, 2019, Dr. Agarwal and UPMC filed Preliminary Objections to Grant's Amended Complaint. On April 5, 2019, they filed a 30-Day Notice of Intention to Enter Judgment of *Non Pros* on the basis that Grant failed to include a certificate of merit pursuant to Rule 1042.3. In response, on April 25, 2019, Grant filed a Motion Seeking Determination by the Court [of] the Necessity of Filing a Certificate of Merit, arguing that his Amended Complaint asserted a claim for medical battery, not medical malpractice, and, therefore, no certificate of merit was required. Dr. Agarwal and UPMC filed a reply to the Motion and the court held oral argument on May 8, 2019. On May 9, 2019, the court entered an order denying Grant's Motion and granting permission to Dr. Agarwal and UPMC to enter the Judgment of *Non Pros*. Judgment of *Non Pros* was entered on May 16, 2019.

On May 17, 2019, Grant filed a Petition to Open Judgment of *Non Pros* in which he agreed that he was required to file a certificate of merit pursuant to Rule 1042.3, but maintained that he was not able to do so because he is a state prisoner and his mailing privileges were suspended at the relevant time due to Governor Wolfe's lockdown on the Pennsylvania Department of Corrections (DOC). (**See** Petition to Open Judgment of *Non Pros*, 5/17/19, at 1). On May 31, 2019, two weeks after the Judgment of *non pros* had been entered, he filed a Certificate of Merit dated May 25, 2019, in which he certified that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against [Dr. Agarwal]." (Certificate of Merit, 5/31/19, at 1). Dr. Agarwal and UPMC filed a Reply and Brief in response to the Petition to Open on

June 3, 2019. The court denied the Petition on June 10, 2019. Grant timely appealed.[2, 3] Both he and the court complied with Rule 1925. *See* Pa.R.A.P. 1925.

On appeal, Grant argues that he was not required to file a certificate of merit because his action is based on medical battery, not lack of informed consent. (*See* Grant's Brief, at 5) (page numbering proved). However, in his Petition to Open, Grant expressly admitted that a certificate of merit was required and maintained that he was unable to file one because the prison was on lockdown during the relevant time-period. (*See* Petition to Open Judgment of *Non Pros*, 5/17/19, at 1-2) (page numbering provided). "It is a fundamental principle of appellate review that we will not reverse a judgment or decree on a theory that was not presented to the trial court." *Pops PCE TT, LP v. R&R*

_____

[2] This Court issued a Rule to Show Cause to Grant for an explanation of whether his appeal was timely filed because it was docketed on July 12, 2019, and the certificate of service referenced the date of June 5, 2019, five days before the trial court issued its order. Grant explained that he mistakenly wrote the June date instead of July, and that, necessarily, he mailed the Notice of Appeal from the prison at least two days before it was docketed on July 12, 2019. The envelope accompanying the Notice of Appeal in the certified record contains the date of June 10, 2019. Therefore, the Notice is deemed timely filed on that date. *See Commonwealth v. DiClaudio*, 210 A.3d 1070, 1074 (Pa. Super. 2019) ("[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing.") (citation omitted).

[3] "Our standard of review regarding the denial of a petition to open a judgment of *non pros* is whether the trial court abused its discretion." *Merlini ex rel. Merlini v. Gallatzin Water Auth.*, 980 A.2d 502, 504 (Pa. 2004) (citation omitted).

*Restaurant Group, LLC*, 208 A.3d 79, 87 (Pa. Super. 2019) (citation omitted).

Therefore, Grant's issue is waived for our review.[4]

Similarly, Grant's Rule 1925(b) Statement claims that the court erroneously found that his excuse for not filing a certificate of merit (prison lockdown) was unreasonable where he filed a different document during the relevant time period. (*See* Rule 1925(b) Statement, 8/04/19). It is well-settled that "[a]n appellant's failure to include an issue in his 1925(b) statement waives that issue for purposes of appellate review." *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 658 (Pa. Super. 2000) (citation omitted); *see* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Therefore, this issue is waived for our review on this basis as well.

Moreover, we briefly note that Grant's issue would lack merit. Grant raised the medical battery issue he presents here in his Motion Seeking Determination by the Court to the Necessity of Filing a Certificate of Merit. (*See* Motion Seeking

---

[4] We recognize that Grant is proceeding *pro se*. However:

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that [he] is not entitled to any particular advantage because []he lacks legal training. As our supreme court has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing.

*Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942 (Pa. Super. 2006) (citation omitted).

Determination by the Court to the Necessity of Filing a Certificate of Merit, 4/25/19, at 1, Paragraphs 7, 8). He is claiming that it is not necessary because it sounds in "medical battery"[5] and not "medical malpractice."

In *Grossman v. Barke*, 868 A.2d 561, 566 (Pa. Super. 2005), we said that:

> A medical malpractice claim is distinguished by two defining characteristics. First, medical malpractice can occur only within the course of a professional relationship. Second, claims of medical malpractice necessarily raise questions involving medical judgment. Claims of ordinary negligence by contrast, raise issues that are within the common knowledge and experience of the factfinder. Therefore, a court must ask two fundamental questions in determining whether a claim sounds in ordinary negligence or medical malpractice: (1) whether the claim pertains to an action

---

[5] "Medical Battery" arises out of the informed consent doctrine. It:

> [R]equires physicians to provide patients with "material information necessary to determine whether to proceed with the surgical or operative procedure or to remain in the present condition." *Sinclair by Sinclair v. Block*, 534 Pa. 563, 633 A.2d 1137, 1140 (1993). We have on several occasions defined the nature of this "material information". We have stated that the information provided by a physician must give the patient "a true understanding of the nature of the operation to be performed, the seriousness of it, the organs of the body involved, the disease or incapacity sought to be cured, and the possible results." *Gray v. Grunnagle*, 423 Pa. 144, 223 A.2d 663, 674 (1966). Thus, a physician must "advise the patient of those material facts, risks, complications and alternatives to surgery that a reasonable person in the patient's situation would consider significant in deciding whether to have the operation." *Gouse v. Cassel*, 532 Pa. 197, 615 A.2d 331, 334 (1992). A claim that a physician failed to obtain the patient's informed consent sounds in battery. *Id.*; *see also Morgan v. MacPhail*, 550 Pa. 202, 704 A.2d 617 (1997).

*Duttry v. Patterson*, 565 Pa. 130, 134–35, 771 A.2d 1255, 1258 (2001). (footnote omitted).

that occurred within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience. If both of these questions are answered in the affirmative, the action is subject to the procedural and substantive requirements that govern medical malpractice actions.

In this case, the answer to both of those "fundamental questions" determines that this is a medical malpractice action. Grant's claim arose out of a "professional relationship" in that he sought medical treatment for a right orbital floor fracture and it raises a "claim [that] involves a question of medical judgment" in that his central claim is that Dr. Agarwal treated him by implanting an internal fixation of Gelfoam rather than a titanium plate. Because his claim was a medical malpractice claim, it is subject to the procedural requirements of medical malpractice actions, specifically, the filing of a certificate of merit as required by Rule 1042.3. Because Grant failed to do so, the trial court properly dismissed his action.

Moreover, in denying Grant's Motion, the trial court explained that the record reflects that Grant consented to the surgery performed by Dr. Agarwal, an open reduction of the right orbital floor fracture with implant, and Dr. Agarwal advised him of the risks associated therewith. (**See** Trial Court Opinion, 5/09/19, at 2-3) (page numbering provided); (Amended Complaint, at Exhibit A (Consent to Surgery Form), Exhibit B (Operative Note)). Because whether this consent fully advised Grant of the associated risks and the possible alternatives

is also an issue that required expert testimony, lack of a certificate of merit warranted dismissal.[6, 7]

We conclude that the trial court properly exercises its discretion and affirm its June 10, 2019 order denying Grant's Petition to Open Judgment of *Non Pros*. ***See Morrell Beer Distributors, Inc.***, ***supra*** at 25.

Order affirmed.

_____

[6] 40 P.S. § 1303.504 of the Medical Care Availability and Reduction of Error Act (MCARE) provides, in pertinent part:

**(a) Duty of physicians.**—Except in emergencies, a physician owes a duty to a patient to obtain the informed consent of the patient or the patient's authorized representative prior to conducting the following procedures:

(1) Performing surgery, including the related administration of anesthesia.

\* \* \*

(4) Inserting a surgical device or appliance.

\* \* \*

**(c) Expert testimony.**—Expert testimony is required to determine whether the procedure constituted the type of procedure set forth in subsection (a) and to identify the risks of that procedure, the alternatives to that procedure and the risks of these alternatives.

40 P.S. § 1303.504(a)(1), (4), (c).

[7] For sake of completeness, we also note that the trial court properly exercised its discretion in denying Grant's Petition to Open on the basis that he failed to provide a reasonable excuse for his failure to file a certificate of merit. The record reflects that although Grant argued that he was unable to file the document during the relevant time, he filed his Motion Seeking Determination by the Court to the Necessity of Filing a Certificate of Merit during this time period.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/25/2020